UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:08-CR-03 |
| V. | ) | (Jordan / Guyton) |
| | ) | |
| DEANNA MATREECE WILLIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On April 1, 2008, this matter came before the Court upon motion of Defendant Deanna Willis for a forensic examination to determine her competency to stand trial and an evaluation of her mental capacity at the time of the alleged offense, [Doc. 13]. Counsel for Ms Willis has submitted a sealed affidavit in support of this request. [Doc. 15]. Ms Willis has also filed a notice of her intent to rely on the defense of insanity at trial, [Doc. 14]. The defense seeks evaluation pursuant to both 18 U.S.C. § 4241 and 4242(a). In response to that notice, the United States also moved the Court for a mental examination of Ms Willis to determine her mental capacity at the time of the offense. [Doc. 16]. The government cites 18 U.S.C. § 4242(a) in support of the request for mental evaluation in response to the defendant's notice of insanity defense.

At the hearing conducted on April 1, 2008, Ms Willis was present with her counsel, Paula Voss and David Dupree. Assistant United States Attorney Cynthia Davidson was present in behalf of the government.

1

After considering the motions and the statements of counsel at the hearing, the Court concluded that the defendant should undergo a psychiatric or psychological evaluation pursuant to 18 U.S.C. § 4241 and 18 U.S.C. § 4242 (a) and has contemporaneously entered a separate order to that effect.

At the time this hearing was conducted, this matter was scheduled to proceed to trial on April 2, 2008, before the District Court. Ms Willis filed a motion to continue the trial date in order to accomplish the mental evaluation and to allow both parties to prepare for trial in light of the results. [Doc. 17]. At the hearing, the United States verbally joined in that motion. The Court finds the motion to continue the trial date to be well-taken and the parties have agreed on a new trial date of October 2, 2008, before the District Court. The Court also finds that all time between the filing of the initial motion for mental examination on March 21, 2008, and the new trial date of October 2, 2008, is fully excludable from operation of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A).

It is therefore **ORDERED:**

1. The trial of this matter is reset to commence on **October 2, 2008, at 9:00 a.m.** before the Honorable R. Leon Jordan, United States District Judge.

2. This Court will conduct a Pretrial Conference on **September 25, 2008, at 9:30 a.m.**

3. The Court will conduct a competency hearing on **August 14, 2008, at 9:30 a.m..** If Ms Willis has not been returned to the jurisdiction by that date, or a forensic report has not been received, the Court will instead hold a status conference at that date and time.

4. All time between the filing of the initial motion for mental examination on **March 21, 2008**, and the new trial date of **October 2, 2008**, is fully excludable from operation of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A).

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge